UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 1 7 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Caroline Morgan,  )
)
Petitioner,  )
)  Civil Action No. 18-1909 (UNA)
)
)
Federal Bureau of Investigation,  )
)
Respondent.  )

MEMORANDUM OPINION

Petitioner, appearing *pro se*, is a resident of Austin, Texas, who has filed an "Emergency Petition for Writ of Mandamus" and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Liberally construing this action, petitioner seeks an order to compel the FBI "to correct its previous illegal behavior" underlying claims in another court action and "to comply with the law." Pet. at 8; *see* Attachments (filings in the U.S. District Court for the Western District of Texas). Petitioner invokes the All Writs Act, 28 U.S.C. § 1651(a), and the mandamus statute, 28 U.S.C. § 1361, as the bases of jurisdiction *See* Pet. at 3. The former authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdiction[.]" 28 U.S.C. § 1651(a). It "is most commonly invoked by a federal circuit court of appeals to issue a writ of mandamus to a district court judge, or by the Supreme Court to issue a writ to a lower court judge." *United States v. Choi*, 818 F. Supp. 2d 79, 84 (D.D.C. 2011) (citing *Allied Chemical*

1

*Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)). The latter authorizes a federal court to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff," 28 U.S.C. § 1361, and is available only where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002) (citations and internal quotation marks omitted). The "three threshold requirements [of mandamus] are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

Petitioner has demonstrated none of the requirements for exercising mandamus jurisdiction, and this district court cannot exercise "appellate mandamus over other courts." *Choi*, 818 F. Supp. 2d at 85 (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: September 13, 2018

United States District Judge